* * * * * * * * * * *
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission modifies and affirms the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim.
2. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
3. The parties stipulate that defendant owed plaintiff a duty of care and that duty was breached.
4. The issues before the Commission are what damages were proximately caused by defendant's breach of duty and the amount of damages plaintiff is entitled to receive.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACTS
1. On March 10, 2003, plaintiff was driving a 1994 Ford Mustang headed in an easterly direction on Highway U.S. 70 in Smithfield, North Carolina. At the intersection of Highways U.S. 70 and U.S. 301, plaintiff stopped at the stoplight. Don Smith was operating a North Carolina Department of Administration vehicle, which struck the rear of plaintiff's vehicle, causing damage to plaintiff's vehicle. The vehicle driven by Mr. Smith was not damaged. Mr. Smith is an employee of the Department of Transportation and was in the course and scope of his normal employment at the time of the accident.
2. Mr. Smith testified that the accident occurred as a result of his stopping short behind plaintiff's vehicle. As he was picking something up off the floor, Mr. Smith thought he saw the vehicle in front of him move, so he did not come to a complete stop at the intersection. When Mr. Smith looked up he realized that traffic had not moved through the green light and he hit the back of plaintiff's vehicle. Mr. Smith believes that he was traveling approximately five miles per hour at the time of impact.
3. Immediately after the accident, plaintiff experienced pain in his neck, shoulders and back. Plaintiff called his father, who came to the accident scene and took plaintiff to the emergency room at Johnston Memorial Hospital where plaintiff was treated and released.
4. From March 12, 2003 until June 26, 2003, plaintiff received treatment from Dr. Eric Smith, chiropractor at Smith Chiropractic Center, for pain in his shoulders and neck. Dr. Smith ordered x-rays of plaintiff's cervical and lumbar areas, and found subluxation of the spinal curvature. Dr. Smith recommended plaintiff be seen by an orthopedic surgeon.
5. From April 3, 2003 until May 8, 2003, Dr. Chanson DeVaul also treated plaintiff. Dr. DeVaul ordered an MRI and CT scan of plaintiff's back, and also performed steroid injections.
6. On May 28, 2003, plaintiff saw Dr. Ronald Summers, an orthopedic surgeon. Dr. Summers prescribed medication and physical therapy, but plaintiff did not complete the recommended physical therapy due to an emergency appendectomy in August 2003. On August 18, 2003, Dr. Summers found plaintiff had reached maximum medical improvement and assigned a five percent permanent partial disability rating to plaintiff's low back. At his deposition, Dr. Summers testified that plaintiff's injury was caused by his automobile accident in March 2003. After he was released to return to work, plaintiff continued to experience pain in his low back and right shoulder area.
7. Plaintiff graduated from high school in May 2002 with a cumulative grade point average of 2.32 and hoped to obtain a collegiate golf scholarship. While in high school, plaintiff played on the golf team and was ranked 13th in the state. Plaintiff played eighteen holes of golf every day, unless it was raining. Due to his accident on March 10, 2003, plaintiff has difficulty playing golf. At the time of the Deputy Commissioner's hearing, plaintiff had not attempted to play golf in six or seven months. The last time plaintiff attempted to play golf, he completed only two holes before he had to stop due to back pain.
8. At the time of the accident, plaintiff was enrolled in school at Johnston Community College and had also taken courses at Wake Technical Community College and Mitchell Community College. At the time of the Deputy Commissioner's hearing, plaintiff had a GPA in excess of 3.0 and planned to attend Appalachian State University in the fall of 2005.
9. As the result of his injuries, which resulted from the negligence of defendant's named employee, plaintiff has experienced and continues to experience low back pain on a daily basis, for which he takes prescription medications. He also experiences headaches two to three times a week. As a result of his injuries, plaintiff has a five percent permanent functional impairment to the low back. Plaintiff's injuries altered his active lifestyle and he is unable to play golf competitively or for personal enjoyment.
10. As a result of his injuries, which resulted from the negligence of defendant's named employee, plaintiff incurred $12,722.44 in medical expenses. Plaintiff's reasonable and necessary medical expenses include, but are not limited to, payment to DeVaul Medical Center, Ashe Street Medical, and Wayne Memorial Hospital and Radiology in the amount of approximately $5,261.00, which expenses were not found reasonable and necessary by the prior Decision and Order of the Deputy Commissioner.
11. The reasonable value of the injuries, pain, suffering and damages which plaintiff sustained as a result of the negligence of defendant's named employee is $40,000.00.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's back injuries were proximately caused by the negligence of Don Smith, a named officer, employee or agent of the State of North Carolina, while he acted within the scope of his office, employment, service, agency or authority. N.C. Gen. Stat. § 143-291(a).
2. Because of the negligence of defendant's named employee, defendant is liable to plaintiff for damages in the amount of $40,000.00. N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay plaintiff the sum of $40,000.00.
2. Defendant shall pay costs of this action.
This 6th day of February 2006.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER